Mt. Pleasant Telephone Company, Plaintiff in Error,
v. Ohio and Mississippi Valley Telephone Company,
Defendant in Error.

1. FRANCHISES—*who cannot raise question of failure to observe
provisions of ordinance.* Whether a telephone company has strictly
observed all the conditions of a franchise ordinance is a question
which can only be raised by the municipality granting the same.

Bill in chancery. Error to the Circuit Court of Union county; the
Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the
August term, 1907. Affirmed. Opinion filed March 18, 1908.

TAYLOR DODD, for plaintiff in error.

W. A. SCHWARTZ, J. S. KENDALL and D. W. KAR-
RAKER, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion
of the court.

Plaintiff in error filed its bill in chancery in the
Circuit Court of Union county, alleging it was en-
gaged in the general telephone business and held a
franchise from the city of Anna for said purpose, and
that it had erected its poles and strung part of its
wires on the southerly side of a certain alley, in said
city; that defendant in error, a like corporation, hold-
ing a franchise from said city for the same purpose,
was then engaged in erecting poles to transact its
telephone business on the same side of said alley, upon
which the poles of plaintiff in error were located and
was threatening to string its wires thereon, in such
manner as to interfere seriously with and obstruct the
business of plaintiff in error, and to render its lines
practically useless. The bill prayed for an injunction
to restrain defendant in error from erecting poles
and stringing wires at said place in the manner con-
templated, and thereby interfering with and hinder-
ing its business. A temporary injunction was issued

by order of the master in chancery, as prayed for in the bill. Afterwards defendant in error answered, admitted it was engaged, prior to the service of the injunction writ, in setting poles and stringing wires on the southerly side of the alley in question, and that near the easterly end of said alley on the southerly side thereof it passed three poles, maintained by plaintiff in error on the same side of the alley, but it expressly denied that it in any manner interfered with the poles or wires of plaintiff in error, or with the operation of its telephone business. Said answer further stated that should defendant in error continue its system of erecting its poles, and stringing its wires throughout said alley, using the southerly side thereof throughout the entire length of said alley, such action would not in any way interfere with plaintiff in error's poles, wires or business.

The cause was afterwards heard on bill, answer, replication and evidence introduced in open court, and a decree entered directing that the bill be dismissed and the injunction dissolved.

It appears from the evidence that the alley in question was eighteen feet wide and extended east and west, crossing Franklin street at right angles in the city of Anna, and that both the parties to this suit desired to use it for the purpose of erecting telephone poles and stringing wires. This alley ended some 400 feet east of Franklin street but continued west for some distance. Plaintiff in error entered the alley from the east and set one pole at the end of it on the north side. It then crossed over and set three poles on the south side, after which it crossed to the north side at the intersection of Franklin street, thence proceeding across Franklin street and along the north side of the alley.

Defendant in error in erecting its line set its poles along the south side of the alley throughout its entire length, being about one-fourth of a mile. The point in controversy is that portion of the alley east of

Franklin street in which defendant in error erected its poles, five in number on the south side thereof, where plaintiff in error had already erected three of its poles.

It is contended by plaintiff in error that defendant in error at the time the bill was filed had not complied with the terms of its franchise in regard to the alley and was setting its poles therein without any permission from the city of Anna to so place them.

The brief of plaintiff in error fails to state wherein defendant in error failed to comply with its franchise but we infer from statements made in the brief of defendant in error and from an examination of the evidence, it is claimed that defendant in error failed to procure directions from the street committee of the city concerning the location of its poles and wires. The franchise of defendant in error required its "poles and wires to be of such dimensions and placed at such places as directed by the street committee of said city."

The evidence failed to show that the street committee of the city had given specific directions to defendant in error where to place its poles in that portion of the alley lying east of Franklin street but it did appear that the mayor and chairman of the street committee had been consulted and had approved of the general location of the line and that the mayor had told an employe of defendant in error, his company could put a lead along the alley in question east of Franklin street and had gone into the alley with him, and pointed out the place where one of the poles should be located on the south side of the alley.

In Chicago Tel. Co. v. Northwestern Tel. Co., 100 Ill. App. 57 (affirmed, 199 Ill. 324), where appellant sought to restrain appellee from constructing its telephone line in the city of Aurora in the manner proposed by it, upon the ground that such construction would interfere with the telephone system of appellant in that city, it appeared that the ordinance relied

upon by appellee, provided that before opening any street, alley, avenue or other public way for the purpose of establishing its telephone system, it should obtain a permit in writing from the committee on streets and alleys to do so; that appellee placed its poles on various streets and alleys, which were not covered by the written permit of the committee, but that the work was done under the direction of the city electrician and the committee. It was there held that the question of a written permit for all the locations was a matter which concerned only the city and that it alone could take advantage of the failure of appellee to observe all the conditions of the contract. Upon the same theory as that advanced in the above case, we are of opinion that the question whether defendant in error had strictly observed all the conditions of the ordinance in locating its poles, concerned only the city, and that plaintiff in error could not take advantage in this suit of any informality of that kind, especially as defendant in error appears to have acted in entire good faith in the matter.

The ordinance granting the franchise to plaintiff in error to erect and maintain its telephone system in said city provided, "the rights and privileges herein granted shall not at any time in the future prevent any other person, persons or corporations from erecting and maintaining a like or similar enterprise in said city."

Plaintiff in error asserts that it is not seeking to prevent defendant in error from occupying the alley in question at all, but to prevent the erection of a parallel line directly under its own line.

The theory of plaintiff in error is that defendant in error, by so running its line along the portion of the alley in controversy, would seriously interfere with and obstruct the business of plaintiff in error to such an extent as to render its line practically useless. The question whether the proposed establishment of defendant in error's wires along the south side of the

alley, would obstruct or interfere with the proper operation of the wires of plaintiff in error or their maintenance at that point, was a controverted question, upon which evidence was heard on both sides. The court below found in favor of defendant in error and no reason appears from the record why that finding should be disturbed.

The decree of the court below will accordingly be affirmed.

*Affirmed.*